**BIN WU, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

No. 04–3433–ag.

United States Court of Appeals,
Second Circuit.

Oct. 21, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Jennifer Paisner Williams, Senior Litigation Counsel, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Bin Wu, a native and citizen of the People's Republic of China, seeks review of a June 2, 2004 order of the BIA affirming the April 2, 2003 decision of Immigration Judge ("IJ") Patricia A. Rohan denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bin Wu,* No. A77 998 440 (B.I.A. June 2, 2004), *aff'g* No. A77 998 440 (Immig. Ct. N.Y. City Apr. 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Asylum

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

### A. Family Planning Claim

We conclude that the IJ did not err in finding that Wu failed to establish past persecution. That claim rests on Wu's assertion that she was required to undergo medical examinations every three months under the coercive family planning policy, and she testified that she was forced to undress in front of many persons, after initially refusing to do so. She also testified that when she failed to report for an examination, family planning officials came to her home, took her to be examined, and fined her 1000 RMB. The IJ properly found, however, that such experiences do not rise to the level of persecution. *See Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006) (finding that while persecution encompasses various forms of mistreatment, including non-life-threatening violence and physical abuse, it does not include mere harassment); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (same). While Wu testified that she was humiliated when she was forced to disrobe in front of other persons, an experience that constitutes harassment, she did not allege circumstances sufficiently severe so as to rise to the level of persecution. *Cf. Xu Ming Li v. Ashcroft,* 356 F.3d 1153, 1158–59 (9th Cir.2004) (concluding that a petitioner who had been held down by two nurses while she was examined under "rape-like" conditions had established past persecution). Wu testified that the family planning technicians used an ultrasound machine on her abdomen in order to perform a pregnancy test. She offered no detail about the actions of the family planning officials other than that she was forced to take off her clothes when she refused, and did not indicate that she was

threatened with any harm if she did not comply. *Cf. Matter of T–Z–*, 24 I. & N. Dec. 163, 168 (BIA 2007) (finding that an abortion is "forced" "when a reasonable person would objectively view the threats for refusing the abortion to be genuine, and the threatened harm, if carried out, would rise to the level of persecution"). While the actions of the family planning officials evinced a lack of respect for Wu's physical autonomy, her testimony does not indicate that she suffered violent or abusive treatment at their hands. *Cf. Xu Ming Li,* 356 F.3d at 1158–59. That she was fined 1000 RMB for failing to report to the examination does not advance her argument, as nothing in the record indicates what effect the imposition of the fine had on her family's ability to subsist. *See Matter of T–Z–,* 24 I. & N. Dec. at 174 (finding that economic sanctions did not amount to persecution where the record contained scant information concerning the applicant's financial situation). Given the facts presented by Wu, we do not find that the IJ erred in concluding that she failed to establish past persecution.

██ The IJ also properly found that Wu's claimed fear of persecution based on her desire to marry and have children one day was too speculative to form the basis of an asylum claim, as Wu is both unmarried and childless. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

B. Illegal Departure

██ The IJ also properly found that Wu failed to establish that she would be persecuted or tortured on account of her illegal departure from China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). As we have held, the relevant inquiry is whether someone in the applicant's particular circumstances would be persecuted or tortured upon return to China because of her illegal departure. *See id.* Because Wu failed to make such a showing, the IJ did not err in denying her claim on this basis.

II. Withholding of Removal and CAT Relief

██ Because Wu was unable to establish asylum eligibility based on the coercive family planning policy or her illegal departure from China, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicates. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).